OPINION óf the Court, by
Ch. J. Rotie.
This case turns upon the construction of a clause in the will of John Thompson, madétlie 31st of July 1T58, and admitted to record the following year. The clause referred to is as follows :
“ I give, devise and bequeath to my daughter1'Elizabeth Thompson, my tract of eleven hundred acres in Albemarle county* called Meadow Creek-,' wdth slx; negro slaves annexed to the same, by name Rose, Lucy, Mary, Peter, Doll and Bartlet, and their future increase ; which said tract of land, with the appurtenances and slaves annexed, I devise, give and bequeath to the said Elizabeth, and the children of her body lawfully to be beg >tten, forever; which children of her body lawfully to be begotten are to share the same equally amongst them, be they Son or daughter, or sons and daughters, after the decease of the said Elizabeth.”
The question is, whether Elizabeth Thompson took under this clause an estate in fee tail or for life only, in the slaves and their increase mentioned in the devise ?
As the law stood at the period of making the will, there is no doubt that a person might by will annex slaves to real estate, and devise them in fee tail; but if the testator in this case intended to make such a devise, he has certainly not only failed to use the most appropriate language for that purpose, but that which he has used directly contravenes such intention. There is not indeed any express words limiting the estate to Elizabeth for life 5 but the devise to the children, « after the decease of the said Elizabeth,” strongly implies such a limitation. Notwithstanding this expression, however, were there nothing more in the devise inconsistent with the intention of the testatór to give her a greater estate, than for life, it might be questionable whether she would not have taken an estate in fee tail: for the term children, though in general rather a term of purchase than of limitation, might perhaps by a benign and liberal construction be considered in a devise as equivalent to tire words heirs of the body; and if so, the case would have come within the celebrated rule in Shelly’s case, « that wherever the ancestor takes an estate for life, and in the same conveyance a remainder is limited to his heirs, or the heirs of his body, he will be vested with the fee, *391 and his heirs will take by descent, and not by purchase.” But the question in this case is, we apprehend, incontrovertibly settled by the manner in which the devise is limited over to the children.
It must be recollected that at the time of making the will in question, the rules of descent cast the estate upon the males, in exclusion of the females, and of the males preferred the eldest, in exclusion of the others; but the devise here gives the estate over to the children, both males and females. Now it is plain that this is utterly incompatible with an intention in the devisor to give to his daughter Elizabeth an estate in fee tail : for if she were vested with the fee, the children must take by descent; but the manner the estate is limited over to them, precludes all legal possibility of their taking by descent. They must, therefore, take by purchase ; and consequently she could only take an estate for life.
The decision of the court below having been given in conformity to the foregoing opinion, their decision is correct.
Judgment affirmed with costs.